UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MICHELLE WADDING** <br> c/o her attorneys The Fuchs Firm <br> 1447 South Woodland Road <br> Shaker Heights, Ohio 44120 <br><br> On behalf of herself and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> **DOLGEN MIDWEST, LLC,** <br> c/o its Statutory Agent <br> Corporation Service Company <br> 50 West Broad Street <br> Suite 1330 <br> Columbus, Ohio 43215 <br><br> -and- <br><br> **DOLLAR GENERAL CORPORATION,** <br> 100 Mission Ridge <br> Goodlettsville, Tennessee 37072 <br><br> Defendants. | CASE NO. <br><br> JUDGE <br><br> Magistrate Judge <br><br> **PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW WITH JURY DEMAND** |

Plaintiff Michelle Wadding, through counsel, for her Class and Collective Action Complaint against Defendant Dolgen Midwest, LLC and Defendant Dollar General Corporation (together "Dollar General"), states and alleges as follows:

## INTRODUCTION

1. This case challenges Dollar General's practice by which it willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Constitution art. II, § 34a, the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, and Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15, .

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join the case pursuant to § 216(b) (the "Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to FED. R. CIV. P. 23 on behalf of herself and other members of a class of persons, defined herein (the "Ohio Class"), who assert factually-related claims under Ohio's overtime compensation statute and Prompt Pay Act.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant Dolgen Midwest, LLC and Defendant Dollar General Corporation have each conducted continuous business at the retail stores they operate within the territorial jurisdiction of this Court. Moreover, as described below, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## PARTIES

7. At all times relevant, Plaintiff Michelle Wadding was a citizen of the United States and an Ohio resident.

8. Defendant Dolgen Midwest, LLC is a foreign limited liability company, registered in Ohio, that conducts business in this district and division, including business at dozens of its locations in northern Ohio. According to records maintained by the Ohio Secretary of State, Dolgen Midwest, LLC's statutory agent for service of process is Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

9. Defendant Dollar General Corporation is a foreign corporation that conducts business in this district and division, including business at dozens of its locations in northern Ohio. According to records maintained by the Ohio Secretary of State, Dollar General Corporation's Ohio registration was cancelled by operation of law on January 24, 2012. Defendant Dollar General Corporation's SEC filings indicate that its principal place of business is located at 100 Mission Ridge, Goodlettsville, Tennessee, 37072.

## FACTUAL ALLEGATIONS

### Dollar General's Business

10. Dollar General is one of the largest discount retailers in the United States. According to its most recent Annual Report, it operates 16,368 stores in 45 states. That Report indicates that:

> Dollar General offers "a broad selection of merchandise, including consumable items, seasonal items, home products and apparel. [Dollar General's] merchandise includes national brands from leading manufacturers, as well as [its] own private brand of selections with prices at substantial discounts to national brands. [Dollar General] offers [its] customers these national brands and private brand products at everyday low prices (typically $10 or less) in [its] convenient small-box locations.

11. The Annual Report also indicates that the typical Dollar General store "is operated by a store manager, one or more assistant store managers, and three or more sales associates."

**Dollar General's Employment of Plaintiff, the Opt-Ins, and Class Members**

12. Plaintiff, the Potential Opt-Ins who have joined this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class worked for Dollar General as "keyholders," "assistant managers," or under both classifications during their employment.

13. Plaintiff was employed by Dollar General from approximately March 2016 until May 2020. During all times relevant, Plaintiff was employed by Dollar General as either a keyholder or assistant manager.

14. During her employ, Plaintiff worked at multiple Dollar General locations, including stores in Sandusky, Ohio; Bellevue, Ohio; Oak Harbor, Ohio; and Huron, Ohio.

**Defendants' Status as "Employers"**

15. Defendant Dolgen Midwest LLC was an "employer" of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. Defendant Dollar General Corporation was also an "employer" of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members pursuant to 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(2) in that it "act[ed] directly or indirectly in the interest of an employer," Defendant Dolgen Midwest, LLC, "in relation to employees," including Plaintiff, the Potential Opt-Ins, and the Ohio Class Members. As the parent of Defendant Dolgen Midwest, LLC, Defendant Dollar General Corporation has operational control over significant aspects of the Dolgen Midwest, LLC's operations and day-to-day functions, including the timekeeping practices and compensation of Dollar General's employees.

17. At all times relevant, Defendant Dolgen Midwest, LLC was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

18. At all times relevant, Dollar General Corporation was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**Dollar General Failed to Pay Employees for All Hours Worked**

19. The FLSA and Ohio law required Dollar General to pay its employees for all hours they were "suffer[ed] or … permit[ted] to work." 29 U.S.C. § 203(g); O.R.C. § 4111.03(D)(1).

20. Dollar General did not pay Plaintiff, the Potential Opt-Ins, and the Ohio Class Members for all of the hours they were suffered or permitted to work. Rather, Dollar General expected and required them to perform unpaid work off-the-clock during their meal breaks.

21. Dollar General's keyholders and assistant managers were typically scheduled to work forty-hour weeks.

22. At any given time, a Dollar General store is typically staffed with two employees: one associate and one other employee who is either a keyholder, assistant manager, or store manager.

23. While an associate can perform some of the store's operational functions, only a keyholder or manager can perform certain tasks. Those tasks include, among other things, voids, price adjudgments, aborting or cancelling a register transaction, product returns, assisting with customer complaints, performing vendor check-ins, and cleaning product spills.

24. In addition, Dollar General requires its keyholders and assistant managers to open and run an additional cash register whenever four or more customers were waiting in a register line.

**Uncompensated Work**

25. Dollar General required its keyholders and assistant managers to take unpaid, thirty-minute meal breaks during each of their shifts.

26. During their meal breaks, keyholders and assistant managers were regularly pulled away from their breaks to perform the tasks only they could perform—for example voids, price adjudgments, aborting or cancelling a register transaction, product returns, assisting with customer complaints, performing vendor check-ins, cleaning product spills, and covering additional cash registers.

27. Dollar General did not pay its keyholders or assistant mangers for the meal breaks in which they were required to perform those duties.

28. Under the FLSA and Ohio law, an "employee must be completely relieved from duty" for a "meal period" to be non-compensable.  28 C.F.R. § 785.19(a).  A meal break is not considered a bona fide meal period if the employee "is required to perform any duties, whether active or inactive, while [on break]." *Id.*

29. Dollar General knew that this work was being performed by its keyholders and assistant managers off-the-clock.

30. In fact, Dollar General mandated its keyholders and assistant managers to perform that work off-the-clock.

31. As a result of practices such as those described in Paragraphs 19 through 30, Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were deprived of regular and overtime pay.

32. Plaintiff, the Potential Opt-Ins, and the Ohio Class Members frequently worked forty or more hours per workweek, and thus, absent Dollar General's failure to pay for all hours

worked including by the practices described in Paragraphs 19 through 30, would have received overtime compensation, or additional overtime compensation.

### The Willfulness of Dollar General's Violations

33. Dollar General knew that Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were entitled to compensation for all hours worked and overtime compensation for hours over 40 in a workweek under both federal and state law, or acted in reckless disregard for whether they were so entitled.

34. Dollar General intentionally and willfully circumvented the requirements of the FLSA and state law. Dollar General designed their scheduling, timekeeping, and payroll policies and practices in an attempt to reduce employees' paid hours and circumvent federal and state wage-and-hour laws.

### COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

37. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Dollar General's FLSA violations consist of:

> All keyholders and assistant managers for Dollar General who worked during the period three years preceding the commencement of this action to the present.

38. Such persons are "similarly situated" with respect to Dollar General's FLSA violations in that all were subject to and injured by Dollar General's unlawful timekeeping and payroll practices, and all have the same claims against Dollar General for unpaid minimum wages and overtime compensation, as well as for liquidated damages, attorneys' fees, and costs.

39. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) was proper and necessary, and all such persons were sent a Court-authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in."

40. Upon information and belief, the number of similarly-situated persons exceeds 20,000 persons.

## CLASS ACTION ALLEGATIONS

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Plaintiff brings this case on behalf of herself and other members of a proposed Ohio Class, defined as:

> All keyholders and assistant managers for Dollar General who worked during the period three years preceding the commencement of this action to the present.

43. The Ohio Class is so numerous that joinder of all Class Members is impracticable. Plaintiff avers, upon information and belief, that the Ohio Class totals more than 500 employees of Dollar General. The number of Class Members as well as their identities are ascertainable from records Dollar General has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

44. Questions of law or fact common to the Ohio Class predominate, including but not limited to:

    a) Whether Dollar General required Plaintiff and other Class Members to perform unpaid work during their unpaid lunch breaks.

    b) Whether Dollar General knew or should have known that Class Members were working off-the-clock, but still failed to pay them.

    c) Whether Dollar General violated Ohio law by failing timely to pay Class Members for all hours worked on a semi-monthly basis, and never rectifying that failure to pay in a timely manner.

    d) Whether Dollar General deprived Plaintiff and other Class Members of overtime compensation at one and one-half times their "regular rate" for hours worked in excess of forty hours in a workweek.

45. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Dollar General, and are based on the same legal theories, as the claims of other Class Members.

46. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other Class Members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

47. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Dollar General's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

Certification of this case as a class action pursuant to FED. R. CIV. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Minimum Wage and Overtime Violations)

49. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. Plaintiff bring this claim for violation of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to be a party to this action pursuant to § 216(b) are filed herewith, as are the consents of Paige King and Tracey Burns.

51. The FLSA required Dollar General to pay its non-exempt employees at least the minimum wage, and to pay them overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

52. Dollar General failed to pay minimum wages for all hours worked, and failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins for all hours worked in excess of forty hours in a workweek. As more fully described above, Dollar General, in violation of law, required them to perform unpaid work during their unpaid lunch breaks.

53. By engaging in these practices, Dollar General willfully violated the FLSA and regulations thereunder that have the force and effect of law.

54. As a result of Dollar General's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive minimum wages and overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section

216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

55. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

56. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself, the Potential Opt-Ins, and the Ohio Class Members.

57. At all times relevant, Dollar General was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

58. Dollar General violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay all overtime compensation to its keyholders and assistant managers when due.

59. Dollar General's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins, and the Ohio Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

60. Ohio Rev. Code Ann. § 4111.10(A) provides that Dollar General, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (Ohio Minimum Wage Violations)

61. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62. The Ohio Fair Minimum Wage Amendment ("OFMWA"), Ohio Constitution art. II, § 34a, required the Dollar General to pay their employees at least the minimum wage.

63. Dollar General failed to pay minimum wages to Plaintiff, the Opt-Ins, and the Ohio Class Members, in violation of the OFMWA. The OFMWA entitles them to "equitable and monetary relief" including "two times the amount of the back wages."

## COUNT FOUR
### (Ohio Prompt Pay Act Violations)

64. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

65. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

66. Dollar General failed to pay all wages due under Ohio's Prompt Pay Act to Plaintiff and the Ohio Class Members entitles them to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## COUNT FIVE
### (Ohio Record-Keeping Violations)

67. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

68. The OFMWA required Dollar General to maintain accurate and complete records of employees' time. Ohio Const. art. II, § 34a.

69. Dollar General violated the OFMWA record-keeping requirement by failing to maintain accurate and complete records of its keyholders' and assistant managers' working time.

70. As a result of Dollar General's record-keeping violations, Plaintiff and the Ohio Class Members were injured in that Dollar General does not have accurate and complete records of their working hours.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to FED. R. CIV. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
4106 Brdige Avenue
Cleveland, OH  44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

/s/ Joshua B. Fuchs
Joshua B. Fuchs (0087066)
THE FUCHS FIRM LLC
14717 South Woodland Road
Shaker Heights, Ohio 44120
216-505-7500 [phone and fax]
josh@fuchsfirm.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Joshua B. Fuchs
Joshua B. Fuchs (0087066)